COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-08-340-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                   V.

 

TINA FROID                                                                          APPELLEE

 

                                              ------------

 

       FROM
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                            Introduction








The
State appeals the trial court=s order
suppressing the evidence obtained during a stop by police while appellee was
driving.  The State contends that the
trial court=s findings of fact and
conclusions of law are insufficient to comport with the dictates of State v.
Cullen and requests that we remand this appeal for additional findings and
conclusions.  195 S.W.3d 696 (Tex. Crim.
App. 2006).  We decline this request and
affirm the order of the trial court.

                                        Background
Facts

An
Arlington police officer followed appellee as she left a bar at about 5:30 one
evening turning onto East Abram Street. 
At the suppression hearing, the officer and appellee both testified, and
the trial court took its ruling under advisement because it wanted an opportunity
to review the videotape from the officer=s
dashboard camera, which captured the officer following appellee and stopping
her.  The officer testified to some of
appellee=s driving
conduct that led him to believe that she was possibly driving while
intoxicated, including the following: 
some swerving within her lane, nearly hitting the curb, and delaying in
stopping for the officer.  Appellee
testified to the many potholes in the street and her need to avoid running into
them, along with the narrowness of the street and curb.  At the suppression hearing, the State and
defense argued over whether the officer had reasonable suspicion to make the
stop.  See Terry v. Ohio, 392 U.S.
1, 88 S. Ct. 1868 (1968).

                                       Trial
Court Findings

After
the suppression hearing, and presumably after the review of the video from the
officer=s
dashboard camera, the trial court entered the following findings, conclusions,
and order:








After reviewing the evidence and judging the credibility of the
witnesses, the Court finds that the police officer lacked reasonable suspicion
or probable cause to stop the Defendant=s vehicle. 
The Court finds the Defendant was not stopped pursuant to any
warrant.  The Court finds that the
Defendant did not commit any law violations prior to the stopping of her vehicle
by the police officer.  Therefore, all
evidence gained after the stopping of the vehicle is not admissible.  The Defense motion to suppress is granted.

 

                                      Sole
Point on Appeal

 

The
State appeals from this order, contending that the trial court failed to Aconvey
specific findings of fact and conclusions of law to provide the State or this
Court with sufficient information in order to prosecute a meaningful appeal or
conduct a meaningful review of the trial court=s
findings.@

                                    The Law: State
v. Cullen








More
specifically, the State contends that the trial court=s order
does not comply with the Court of Criminal Appeals=s
mandate set forth in Cullen, in which that court held that a trial court
must grant a party=s timely request for findings of
fact and conclusions of law related to its ruling on a motion to
suppress.  195 S.W.3d at 698. 
The court agreed with Judge Womack=s
concurring opinion in Ross, in which she said appellate courts should
not be forced to @make unjustified and incorrect
assumptions@ regarding trial court rulings
on motions to suppress.  Id.; State
v. Ross, 32 S.W.3d 853, 859 (Tex. Crim. App. 2000) (Womack, J.
concurring).  The Cullen court further
held that a trial court should make essential findings of fact and conclusions
of law Aadequate
to provide an appellate court with a basis upon which to review the trial court=s
application of the law to the facts.@  Cullen,195 S.W.3d at 699.  The
court analogized to code of criminal procedure article 38.22, section six,
which requires a trial court to set forth the basis of its order of
admissibility regarding the voluntariness of an accused=s
statement.  Id.  (citing Tex. Code Crim. Proc. Ann. art. 38.22
' 6
(Vernon 2008)).  Furthermore, the court
cited with approval and applied rule of civil procedure 297, which requires a
trial court to file findings of fact and conclusions of law within twenty days
of a timely filed request.  Id.
(citing Tex. R. Civ. P. 297).  The Cullen
court also discussed the appropriate solution, citing appellate rule 44.4,
which directs the court of appeals to direct the trial court to correct remedial
error when the trial court can.  Id.
at 698 (citing Tex. R. App. P. 44.4). 
The court remanded the case to the court of appeals so that the
intermediate court could order the trial court to enter findings of fact and
conclusions of law.  Id. at 700.

                                               Analysis








Here,
however, we have a different fact pattern. 
The trial court granted the motion to suppress on September 10,
2008.  The State timely filed a motion
requesting findings of fact and conclusions of law.  The trial judge filed written findings and
conclusions in its order granting the defense suppression motion, whereas in Cullen,
the trial court simply refused to do so. 
But in this case, the State is dissatisfied with those findings and
conclusions, claiming they are insufficient and that they do not provide the Aessential@
findings required by the Cullen court. 
The State asks us to now remand this interlocutory appeal of the
suppression order to direct the trial court to file additional findings of fact
and conclusions of law.  At oral
argument, the State argued that rules 43.6 and 44.4 authorize, if not mandate,
this court to abate for further findings and conclusions.  Tex. R. App. P. 43.6 (authorizing court of
appeals to make appropriate order that law and nature of case require), 44.4
(directing court of appeals to have trial court correct remedial error).  We disagree, especially so in this particular
circumstance:  the State voiced no
objection to the adequacy of the trial court=s
findings of fact or the appropriateness of its conclusions of law in the trial
court.








As a
threshold matter, a fundamental prerequisite for preservation of appellate
issues on appeal is the corresponding duty to first ask the trial court to
correct a perceived error before challenging the ruling on appeal.  See Tex. R. App. P. 33.1(a)(1).  Only if the trial court refuses to correct
its error after being directed to it, is the error preserved.  Webb v. State, 275 S.W.3d 22, 25 (Tex.
App.CSan
Antonio 2008, no pet.); see Mendez v. State, 138 S.W.3d 334, 338 (Tex.
Crim. App. 2004); Stephenson v. State, 255 S.W.3d 652, 661 n. 42 (Tex.
App.CFort
Worth 2008, pet. ref=d).  Because the State did not first give the
trial court an opportunity to address its concern, it has waived this complaint
on appeal.[1]  Sanchez v.State, 120 S.W.3d 359, 365B67 (Tex.
Crim.  App. 2003) (for explanation of
distinction of types of error).  For
these reasons, we deny the State=s
request to abate this appeal for entry of additional findings of fact and
conclusions of law.  We affirm the order
of the trial court.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON
and WALKER, JJ.

 

PUBLISH

 

DELIVERED:  November 25, 2009











[1]We also note that our
holding comports with rule of civil procedure 298, which requires any party who
desires additional findings of fact and conclusions of law to file a request
for same within ten days of the court=s filing of its original findings and
conclusions.  Tex. R. Civ. P. 298.  The State did not timely request additional
findings of facts and conclusions of law.